[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE COUNT FOUR
The plaintiff, Theresa Kennedy, filed a four-count complaint on December 7, 2000 against the defendants, Michael and Charlene Roy. The plaintiff has brought this action for personal injuries and losses she allegedly sustained in an automobile accident. The plaintiff alleges that on March 4, 1998, a motor vehicle operated by Charlene Roy and owned by Michael Roy, collided with another vehicle in which the plaintiff was a passenger. Counts one, two and three allege negligence as to both Charlene CT Page 5585 and Michael Roy. Count four alleges recklessness as to Charlene Roy only. In her prayer for relief, the plaintiff requests double or treble damages based on Charlene Roy's violations of General Statutes §14-295.
On January 19, 2001, the defendant, Charlene Roy, filed a motion to strike count four of the complaint and its corresponding prayer for relief seeking double or treble damages, arguing that the plaintiff fails to state a sufficient cause of action for recklessness under § 14-295. On January 31, 2001, the plaintiff filed a timely objection to the defendant's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270-71, 709 A.2d 558 (1999). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293
(1997). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.)Lombard v. Edward J. Peters. Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630
(2000).
In her motion to strike, Charlene Roy argues that count four of the complaint fails to set forth sufficient allegations of conduct that constitutes reckless behavior under the requirements of § 14-295. In her objection to the motion to strike, however, the plaintiff argues that she has sufficiently pleaded a cause of action sounding in recklessness pursuant to the requirements of § 14-295.
Section 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
This court has previously noted that "[t]he appellate courts have not CT Page 5586 had occasion to decide what degree of specificity is required in pleading recklessness under General Statutes § 14-295. The Superior Court judges are split on the issue." (Internal quotation marks omitted.)Chieffo v. Yannielli, Superior Court, judicial district of Waterbury, Docket No. 159940 (January 29, 2001, Doherty, J.). "One line of cases, representing the minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence." (Internal quotation marks omitted.) Id.; see McGuire-Kelley v. Sciuto, Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999, Devlin, J.);Chatterton v. Infinity Insurance Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 064615 (October 1, 1999,Arnold, J.); Nocera v. Besso, Superior Court, judicial district of Middlesex at Middletown, Docket No. 086777 (September 29, 1999, Gordon,J.); Reed v. Sesta, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 577273 (June 19, 1998, Aurigemma, J.);Adams v. Champagne, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061154 (May 27, 1998, Corradino, J.) (22 Conn.L.Rptr. 241); Cloutier v. Meinerth, Superior Court, judicial district of Danbury, Docket No. 329940 (February 25, 1998,Moraghan, J.); Kelly v. Stone, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 344231 (January 9, 1998, Maiocco, J.).
"The majority point of view, on the other hand, is that a plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiff's injuries." Chieffo v. Yannielli, supra, Superior Court, Docket No. 159940; see Donaldson v. Transalliance, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 364836 (March 9, 2001, Rush, J.); Donahue v. Thomas, Superior Court, judicial district of Waterbury, Docket No. 161182 (February 28, 2001, Rogers, J.); Carrollv. Wade, Superior Court, judicial district of Litchfield, Docket No. 082366 (February 9, 2001, Creimns, J.); Stiber v. Adjei, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 070751 (January 3, 2001, Arnold, J.); Flores v. Viveros-Velazquez, Superior Court, judicial district of Windham at Putnam, Docket No. 063971 (November 21, 2000, Foley, J.); Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000,Doherty, J.); Haji-Ahmend v. Lake, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 162876 (September 30, 1999,Hickey, J.); Plimpton v. Amerada Hess Corp., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 169861 (September 27, 1999, Karazin, J.). CT Page 5587
This court has previously recognized that the majority view is most persuasive and has held that § 14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness. . . . When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." Chieffo v. Yanielli, supra, Superior Court, Docket No. 159940.
In the present action, the plaintiff has alleged that Charlene Roy "deliberately or with reckless disregard, operated said motor vehicle in violation of [Conn.Gen. Statutes Sections] 14-218, 14-240a, and 14-222
and such violations were a substantial factor in causing such injuries. . . ." (Complaint, count four, ¶ 15.) Such allegations adequately satisfy the requirements of the majority view.
In light of the foregoing, the court finds that the plaintiff has sufficiently alleged a cause of action for recklessness pursuant to § 14-295 and for that reason, the defendants' motion to strike the fourth count of the plaintiff's complaint is hereby denied.
By the Court,
Joseph W. Doherty, Judge